*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson*                                          *(609) 858-9351*
*Chief Bankruptcy Judge*

## LETTER DECISION

March 30, 2020

Robert E. Nies, Esquire
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ 07052

E. Richard Dressel, Esquire
Jeremy S. Cole, Esquire
Lex Nova Law
Eizen/Goldstein/Roderick/Skinner/Spirgel/Dressel
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ 08002-4609

              Re:    Mohammad R. Zaidi and Jennifer L. Miller – Case No. 19-13997

                     Motion to Reopen (Document #28)
                     Hearing Date:  February 25, 2020

Dear Counsel:

    On February 25, 2020, the court took oral argument on FIA's motion to reopen the case, vacate the order of dismissal, and permit FIA to file a 523 and/or 727 complaint out of time. The court thanks the parties for their helpful oral arguments. The court has also considered: Motion to Reopen [Doc. 28]; Certification in Opposition [Doc. 33]; and Response [Doc. 35]. The following constitutes the court's proposed findings of fact and conclusions of law.

    FIA seeks to vacate the order of dismissal under Federal Rule of Civil Procedure 60(b), made applicable in bankruptcy through Federal Rule of Bankruptcy Procedure 9024, on the basis of either mistake/inadvertence or fraud. Additionally, FIA asserts various estoppel theories. There are two pivotal events that the parties wish the court to consider in the context of Rule 60(b). Understandably, FIA wants the court to focus on debtors' counsel's failure to respond to FIA's

January 10, 2020 email. Equally understandably, the debtors want the court to focus on FIA's failure to seek an extension of the January 27, 2020 deadline from the court when no consent order or other response was forthcoming from the debtors prior to the expiration of the deadline. Ultimately, it is irrelevant which act or failure to act the court chooses to focus on because even if the court were inclined to reopen the case and vacate the discharge it would be meaningless because FIA would still be barred from filing a 523 or 727 complaint.

At oral argument, FIA argued that the Supreme Court's *Pioneer*[1] decision and its excusable neglect analysis controls all aspects of this motion from the decision to reopen, to the decision to vacate the dismissal, to the decision to allow equitable tolling of the 523 and/or 727 deadlines. The court agrees as to the first two, but not the last. Computation of time in bankruptcy is governed by Federal Rule of Bankruptcy Procedure 9006. Rule 9006(b)(1) provides that time may be enlarged on motion made after the expiration of the specified period "where the failure to act was the result of excusable neglect." Importantly, the introduction to that general rule contains the caveat "[e]xcept as provided in paragraphs (2) and (3) of this subdivision…." Subdivision (3) states that the court may extend the time under certain rules – including 4004(a) (objecting to discharge) and 4007(c) (determination of dischargeability of a debt) – "only to the extent and under the conditions stated in those rules."  Both Rule 4004 and 4007 provide that a motion to extend the deadline to file a complaint must be filed before the time has expired. Unlike Rule 9006(b)(1), neither of these rules mention excusable neglect.

There is no binding Third Circuit precedent on whether Rules 4004 and 4007 are subject to equitable tolling. In *Kontrick*[2], the Supreme Court noted that there is a split of authority as to whether courts have the authority to extend the deadline in Rule 4004 on the basis of equitable tolling when the motion for an extension of time is filed after the expiration of the deadline, but the Court declined to rule on the issue because the parties had not timely raised it below. In that context, the Court noted that Rule 4004 is not "jurisdictional," but rather is a "claim-processing rule." The distinction was important to the Court's analysis because a jurisdictional argument may be raised at any time, but an argument based on a claim-processing rule may be forfeited if not properly raised. After *Kontrick*, some courts seized on the claim-processing label to support the argument that Rules 4004 and 4007 are subject to equitable tolling.[3] Other courts continued to maintain that the deadlines in those rules are not subject to equitable tolling.[4]

Recently, in *Nutraceutical Corp. v. Lambert*[5] the Supreme Court addressed equitable tolling in the context of FRCP 23(f), and concluded that Rule 23(f) is not subject to equitable tolling. Vitally important to this analysis is that the latter case clarified what the Court intended in

---

[1] *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd Partnership*, 507 U.S. 380 (1993)
[2] *Kontrick v. Ryan*, 540 U.S. 443 (2004)
[3]  *See, e.g., In re Rychalsky*, 318 B.R. 61 (Bankr. D. Del. 2004)
[4] *See, e.g*., *Anwar v. Johnson*, 720 F.3d 1183 (9th Cir. 2013) (complaint rejected even though filed less than one hour after expiration of deadline)
[5] 139 S. Ct. 710 (2019)

*Kontrick* when it made the jurisdictional/ claims-processing distinction. The Court explained that:

> The mere fact that a time limit lacks jurisdictional force, however, does not render it malleable in every respect. Though subject to waiver and forfeiture, some claim-processing rules are "mandatory"— that is, they are " 'unalterable' " if properly raised by an opposing party.[6]

Consequently, "[w]hether a rule precludes equitable tolling turns not on its jurisdictional character but rather on whether the text of the rule leaves room for such flexibility."[7]

In *Zakarin*, Judge Altenburg of this court applied the *Nutraceutical* analysis to Rule 4007 and concluded that the deadline to file a 523 complaint is not susceptible to equitable tolling.[8] This court is in complete agreement with the analysis in *Zakarin* and finds that Rules 4004 and 4007 do not permit equitable tolling.[9] The text of both Rule 4004 and 4007 simply do not "leave room for such  flexibility."[10] When those rules are read in conjunction with FRBP 9006(b)(3) they "express a clear intent to compel rigorous enforcement."[11]  The court finds that it cannot equitably extend the deadline to file a 523 or 727 complaint making the request to reopen the case and vacate the dismissal a nullity.

The fact that the deadline in this case was extended four times previously does not change the outcome. This is consistent with the Third Circuit's position that even if the deadline in Rule 4007 has been extended by the court, a motion for a further extension must be filed before the expiration of the extended time period.[12] Each of the four prior extensions the parties entered into in this case were *sui generis* and did not mandate that the parties or the court agree to a further extension.

The court must emphasize that on the facts presented it cannot be said that either party acted inappropriately or unreasonably. Given the course of conduct between the parties, it was reasonable for FIA's counsel to predict that another consensual extension would be forthcoming. And but for the miscommunication due to debtors' counsel changing firms, the deadline would have been extended. On the other side, once a discharge had been granted it was reasonable for debtors' counsel not to consent to a further extension because to do so would have been directly contrary to his clients' interests and would have violated his duty of loyalty to his clients. The court finds this to be one of the cases in which "[d]eadlines may lead to unwelcome results…."[13]

---

[6] *Nutraceutical Corp*. at 714

[7] *Id.*

[8] *In re Zakarin*, 602 B.R. 275, 283 (Bankr. D.N.J. 2019)

[9] Although *Zakarin* only addressed Rule 4007, the Supreme Court has observed the "practical identity" of Rules 4004 and 4007, and the fact that decisions construing one are applicable to the other. *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019)

[10] *Id.*

[11] *Nutraceutical Corp*. at 714

[12] *In re Weinberg*, 197 Fed. Appx. 182 (3d Cir. 2006)

[13] *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 (1992)

The court reaches this result not because it fails to recognize the extraordinary circumstances here, but rather because the court reads the pertinent law as not allowing an equitable exception.

Motion denied. The court will enter the standard order denying the motion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge